UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TAMIEKA HUTCHINSON and
XAVIER AARON,

                Plaintiffs,

                                    Case No. 07-CV-10689
vs.                               HON. GEORGE CARAM STEEH


EDDIE SMITH, et al.,

                Defendants.

_____/

### ORDER GRANTING DEFENDANTS O'BRIEN'S AND KELLY'S MOTION FOR SUMMARY JUDGMENT (# 19)

Defendants Inkster Police Officers O'Brien and Kelly move for summary judgment of plaintiffs Tamieka Hutchinson's and Xavier Aaron's 42 U.S.C. § 1983 claims of an arrest without probable cause, excessive force, malicious prosecution, unlawful warrantless search, and retaliation for exercising rights to free speech. A hearing on the motion was held on August 15, 2007. For the reasons set forth below, defendants O'Brien's and Kelly's motion for summary judgment will be GRANTED.

### I.  Background

Plaintiffs Hutchinson and Aaron allege that on November 11, 2003, at about 9:30 p.m., they were conversing with Officers Smith, O'Brien, and Kelly outside Hutchinson's apartment building regarding Hutchinson's parking a vehicle in a handicap parking spot. Plaintiffs allege that, after they went inside Hutchinson's apartment, the Officers accessed the common area of the building, knocked loudly on the apartment door, and falsely accused Hutchinson of harboring a felon. Plaintiffs allege that Aaron exited the apartment and was assaulted, handcuffed, and arrested without probable cause. Plaintiffs also allege

the Officers then ransacked the apartment.

These same allegations were the basis for a case originally filed in Michigan's Wayne County Circuit Court on May 9, 2006 alleging state law claims of false arrest, assault, individual liability under state law, and intentional infliction of emotional distress, as well as federal claims under 42 U.S.C. § 1983. According to the federal court file and docket sheet, the case was removed here on August 10, 2006 and assigned to this court as Case No. 06-13579. On August 15, 2006, plaintiffs filed an amended complaint here, in Case No. 06-13579, dropping the federal § 1983 claims, and thereafter filed a September 18, 2006 motion to remand the case back to state court for lack of federal question jurisdiction. The motion to remand was granted on October 10, 2006 based on plaintiffs' Counsel's representation that "plaintiffs have no intention of seeking to revive federal claims embodied in the initial complaint filed in Wayne County Circuit Court." October 10, 2006 Order, at 1.

On January 9, 2007, Wayne County Circuit Court Judge Gershwin Drain dismissed all of the plaintiffs' remanded state law claims and granted plaintiffs' motion to file a second amended complaint to again allege federal § 1983 claims. This second amended complaint was filed in state court on January 22, 2007 alleging only § 1983 claims, and according to the defendants, a new summons issued. The § 1983 claims were removed here on February 15, 2007, and assigned to this court as Case No. 07-10689, the matter now before the court.

## II.  Motion for Summary Judgment

Defendants O'Brien and Kelly argue they were never served with a summons or a copy of the original May 9, 2006 state court complaint, and that by operation of Michigan Court Rule 2.102(E)(1-2), they were deemed dismissed from this lawsuit on August 8, 2006, two days before the case was removed to federal court on August 10, 2006 as Case

No. 06-13579. Defendants assert that the instant § 1983 claims were first refiled in state court on January 22, 2007, after the statute of limitations governing the § 1983 claims expired on November 11, 2006, three years after the alleged incident.

Plaintiffs counter that the § 1983 claims were timely filed on May 9, 2006 in state court, then removed to federal court on August 7, 2006, not August 10, 2006, as evidenced by sworn representations made by defense Counsel in a notice of removal and accompanying affidavit and proof of service filed in state court. Plaintiffs maintain that, as a result, this court acquired federal jurisdiction over the § 1983 claims before any deemed dismissal under the Michigan Court Rules because the Federal Rules of Civil Procedure became controlling once the state lawsuit was removed.

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). The procedure is not a disfavored procedural shortcut. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); see also Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 149 (6th Cir. 1995). The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001). If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of

material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000).

### III. Analysis

"Limitations periods in § 1983 suits are to be determined by reference to the appropriate state statute of limitations and the coordinate tolling rules[.]" Hardin v. Straub, 490 U.S. 536, 539 (1989) (quoting Board of Regents, University of New York v. Tomanio, 446 U.S. 478, 484 (1980)). Michigan Court Rules governing dismissal of an action for failure to timely serve a defendant are an integral part of the state's statute of limitations and are to be applied by a federal district court. Blaha v. A.H. Robins and Co., 708 F.2d 238, 239 (6th Cir. 1983) (affirming application of Michigan Court Rule requiring automatic dismissal of action in which service was not made within 180 days after the complaint was filed in dismissing state law claim as barred by Michigan statute of limitations). See also Militello v. Peddinghaus Co., No. 89-1788, 1990 WL 19667 (6th Cir. Mar. 5, 1990) (unpublished) (citing Blaha and affirming dismissal of personal injury claim as barred by three year statute of limitations on application of M.C.R. 2.102 for failure to perfect service of the complaint within 182 days).

The limitations period for the plaintiffs' § 1983 claims is three years as established by Michigan's statute governing personal injuries. Hardin, 490 U.S. at 540; M.C.L. § 600.5805 (10) (providing three year statute of limitations for actions to recover for personal injury). The statute of limitations governing plaintiffs' instant § 1983 claims thus expired on November 11, 2006 unless they were otherwise tolled. Id. Applicable as an integral part of Michigan's statute of limitations, Michigan Court Rule 2.102(D) provides that a summons expires 91 days after the date the complaint is filed. Blaha, 708 F.2d 239; Militello, 1990

4

WL 19667.  Michigan Court Rule 2.102(E) continues in pertinent part:

(1)  On the expiration of the summons as provided in subrule (D), the action is deemed dismissed without prejudice as to a defendant who has not been served with process as provided in these rules, unless the defendant has submitted to the court's jurisdiction.  As to a defendant added as a party after the filing of the first complaint in the action, the time provided in the rule runs from the filing of the first pleading that names that defendant as a party.

(2) After the time stated in subrule (E)(1), the clerk shall examine the court records and enter an order dismissing the action as to a defendant who has not been served with process or submitted to the court's jurisdiction.  The clerk's failure to enter a dismissal order does not continue an action deemed dismissed.

(3) The clerk shall give notice of the entry of a dismissal order under M.C.R. 2.107 and record the date of the notice in the case file.  The failure to give the notice does not affect the dismissal.

In Case No. 06-13579, plaintiffs filed a "1st Amended Complaint By Right" on August 15, 2006, eliminating Count IV of their May 9, 2006 state court complaint alleging federal § 1983 claims.  It is undisputed that O'Brien and Kelly were not served with the May 9, 2006 state court complaint before the § 1983 claims were dropped by the plaintiffs and effectively dismissed without prejudice on August 15, 2006 to facilitate a remand to state court.  By operation of M.C.R. 2.102(E) and M.C.L. § 600.5856 (2004)[1], no tolling of the limitations period occurs until a claim is both filed and served.  Plaintiffs did not again reallege the § 1983 claims until filing a "2nd Amended Complaint" in state court on January 22, 2007, more than two months after the statute of limitations had expired on November 11, 2006.

Construing the pleadings and evidence in a light most favorable to the plaintiffs,

---

[1]  "The statutes of limitations or repose are tolled in any of the following circumstances: (a) At the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules. . . . ." M.C.L. § 600.5856(a).  Plaintiffs do not argue that jurisdiction "was otherwise acquired over the defendants."  M.C.L. § 600.5856(b).  M.C.L. § 600.5856(c) applies in medical malpractice actions.

defendants Officers O'Brien and Kelly are entitled to dismissal of the § 1983 claims as a matter of law based on the expiration of the applicable three year statute of limitations. Plaintiffs' reliance on Goniwicha v. Harkai, 393 Mich. 255, 224 N.W.2d 284 (1974) and Buscaino v. Rhodes, 385 Mich. 474, 189 N.W.2d 202 (1971) for the proposition that the § 1983 claims were timely "commenced" on May 9, 2006 is misplaced. Both Goniwicha and Buscaino were decided before Michigan Court Rule 2.102 replaced Michigan General Court Rule 102.5 to expressly provide that a defendant is deemed dismissed from a lawsuit if not served within 91 days, and that the clerk's failure to enter a dismissal order or give notice of entry of a dismissal order does not continue the action nor affect the deemed dismissal. See Brashers v. Jefferson, 402 Mich. 399, 402, 263 N.W.2d 243 (1978) (recognizing in 1978 that when GCR 102.5 is revised by then proposed rule M.C.R. 2.102(E)(2)," then "Goniwicha should no longer be followed."). The Michigan Court Rules, including M.C.R. 2.102, were adopted in Michigan effective March 1, 1985. By operation of M.C.R. 2.102(D) and (E)(1-3), the three year statute of limitations expired on November 11, 2006 after service of the May 9, 2006 complaint alleging § 1983 claims was not made within 91 days; the § 1983 claims were dropped by the plaintiffs on August 15, 2006 and not refiled until January 22, 2007. Blaha, 708 F.2d at 239; Militello, 1990 WL 19667, at **1.

Defendants O'Brien and Kelly are entitled to dismissal whether Case No. 06-13579 was removed to federal court on August 7, 2006 or on August 10, 2006. The plaintiffs' May 9, 2006 state court complaint was never served on O'Brien or Kelly, and the § 1983 claims alleged therein were "deleted" by the plaintiffs filing of a "1st Amended Complaint By Right" in federal court. See Case No. 06-13579, Plaintiff's September 18, 2006 Motion to Remand, at 2. The November 11, 2006 limitations passed without a § 1983 claim pending against O'Brien or Kelly in state or federal court.

Alternatively, this court's file and docket sheet prove beyond any reasonable dispute

that Case No. 06-13579 was removed to federal court on August 10, 2006 notwithstanding the state court notice of removal, affidavit, and proof of service proffered by the plaintiffs indicating the matter was removed on August 7, 2006. As argued by O'Brien and Kelly, the matter remained in state court as of August 8, 2006 when they were deemed dismissed from the lawsuit by operation of Michigan Court Rule 2.102(E)(1-2). O'Brien and Kelly were first served with § 1983 claims after the January 22, 2007 "2nd Amended Complaint" was filed in state court, after the statute of limitations had already expired, and after they had been deemed dismissed. Removal here on February 22, 2007 did not revive the untimely § 1983 claims. Defendants O'Brien and Kelly are entitled to summary judgment as a matter of law. Amway Distributors, 323 F.3d at 390.

### IV. Conclusion

Defendants Inkster Police Officers O'Brien's and Kelly's motion for summary judgment is hereby GRANTED. Plaintiffs' 42 U.S.C. § 1983 claims as alleged against O'Brien and Kelly ONLY are hereby DISMISSED with prejudice.

SO ORDERED.

Dated: October 18, 2007

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 18, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk